## PLEADING.

2 Dec., 552

[Hamilton Circuit Court, April, 1895.]

†EMILE WERK v. WM. H. CHRISTIE ; ERROR TO COMMON PLEAS.

EMILE WERK v. JOHN S. BISHOP AND WM. H. CHRISTIE ; ERROR TO COMMON PLEAS.

†C. DIERINGER v. LIPMAN LEVY ; ERROR TO SUPERIOR COURT.

1. POWER OF COURT TO STRIKE EQUIVOCAL AND EVASIVE PLEADINGS FROM FILES.

Courts have the power on motion, to strike equivocal and evasive pleadings from the files.

2 RIGHT OF COURTS TO SUMMARILY STRIKE A DENIAL OF THE ALLEGATIONS OF PETITION FROM FILES ON PRELIMINARY HEARING.

In an action where a denial of the allegations contained in the petition is made, and a motion is filed by the plaintiff to strike such denial out as false, the court has the power for its own protection, to summarily adjudicate the question as to the falsity of such denial, especially where the court is satisfied that such denial was made to prevent the administration of justice.

SMITH, J.

These three cases, though not presenting exactly the same questions, are alike in some features, and will be disposed of together. In the first two named, Christie sued R. H. Drennon and defendant Werk, late partners under the firm name of Drennon & Werk, to recover the amount claimed to be due to him from the defendants on a note dated at Kansas City, Mo., September 1, 1883, signed by Drennon & Werk, payable to the order of John S. Bishop, for $1,150 on demand after date, with interest from date, and indorsed on the back, " pay to Wm. H. Christie or order," and signed " John S. Bishop," no other payments or other indorsement appearing thereon ; and judgment was asked for $1,150 with six per cent interest from September 1, 1883.

Werk was duly served with process, but Drennon was not.

Werk filed an answer as follows :

" The defendant, Emile Werk, answers—

" *First*—He denies the allegations of the petition.

"*Second*—He says the plaintiff is not the owner of any such note.

"*Third*—He says any claim thereunder is barred by the statute of limitations of Missouri.

"*Fourth*—That no partnership indebtedness or otherwise ever existed.

"*Fifth*—That if there was ever such an obligation, it was Drennon's and not Werk's, as plaintiff well knew.

" The defendant prays to be dismissed with his costs."

The answer is verified by the attorney of Werk, on the ground that the defendant was absent from the state.

The second named action was brought by John S. Bishop and Wm. H. Christie, late partners as Bishop & Christie, against R. H. Drennon and Emile

---

* This case was dismissed by the Supreme Court with consent of parties at costs of plaintiff in error, 4 Legal News, 36. The circuit decision is followed in Fosdick v. King, Dodds, 7 Dec., 413, by the Superior Court.

Werk, late partners under the name of Drennon & Werk, to recover the balance alleged to be due to them from defendants on a promissory note, dated Kansas City, Mo., December 22, 1884, calling for the payment of $3,000 to Bishop & Christie, ninety days after date, with interest from date at the rate [of ten per cent per annum, signed by Drennon & Werk. There is an indorsement on the back of the note as follows: "May 22, 1886. Received on account of within note, whisky to the amount of $1,448.87. Balance May 22, 1886, $1,976.13. Interest calculated to this date and included in above balance." It was further alleged that at the time of the execution of the note ten per cent was the legal rate of interest under the law of Missouri.

In this case, also, Werk was served with process and Drennon was not. Werk filed an answer, entitling it John S. Bishop, plaintiff, against Robert H. Drennon et al., defendants, but in all other respects, it was a duplicate of the answer filed in the other case.

In the third case the action was brought by Mr. Levy against Dieringer and Joseph Cox, Jr., to recover from Dieringer, as maker, and Cox as indorser, the rent due on a promissory note for $300, made by Dieringer to Cox, and indorsed by Cox in blank, with a waiver of demand and notice. The indorser answered, admitting the allegations of the petition. Dieringer filed his answer denying that "the plaintiff is the owner and holder of a note of this defendant, as set out in the petition of the plaintiff," and further denying "each and every allegation of the petition." This was sworn to by the defendant.

In each of the first two* cases a motion was filed by plaintiff to strike the answer from the files on the ground that it was frivolous, and a sham, and for judgment on the petition. This was resisted, and the defendant claimed that the court had no right to do so. but that the case should be regularly tried by a jury on the issues—replies having theretofore been filed by plaintiff denying all the averments of the answer—the court entertained the motions, and heard evidence thereon, and, against the objection of Werk, the plaintiffs introduced the depositions of Werk himself, which they had taken, and which, in our judgment, show that if his defense had been properly pleaded, that the allegations made in several respects, at least, were untrue, and that the defendant, under his answers as filed, had not a good defense to the claims asserted against him and that he had not reasonable ground to believe that he had. The court thereupon ordered the answers to be stricken from the files, to which the defendant objected, and he not desiring to further answer, judgment was rendered against him in favor of the several plaintiffs, and the defendant now seeks the reversal of these judgments. In the third case substantially the same action was taken. The deposition of the defendant, taken by the plaintiff, was offered by him, showing that the defendant had no defense whatever; that he executed the note to Jos. Cox, Jr., and, so far as he knew, plaintiff owned it, and he gave no reason whatever why he did not owe the money to the plaintiff. Mr. Cox testified that defendant had executed the note to him, and that he for value, had assigned it to Mr. Levy, and, on this showing, the answer was by the court stricken from the files.

The question as to the power of the courts in cases like these, to strike from the files answers filed by a defendant, when it is made to appear [to be untrue], is one which has not been passed upon by our supreme court, is not as we understand regulated or authorized expressly by any statute, and is not free from difficulty. Where a direct and explicit denial is made of each and every allegation of a petition, we have had very grave doubts whether the court had such power, or ought on a motion filed to strike it out as false, proceed to adjudicate the question as to its falsity. There would seem to be good ground for believing that this is an invasion of the rights of a party to have a question of this kind settled by a jury, if it be a case in which the party is entitled to a trial by jury on the merits, or in a case where he is not so entitled thereto, a full hearing by the court, not raised by a motion, but upon the issues raised by the pleadings. And yet, so far as we can see, the exercise of such right has generally been maintained by the courts as

necessary to their protection and their right to interfere in this summary manner, when satisfied that such pleading has been used to prevent the proper administration of the law, in many cases has been upheld.

We are entirely satisfied that there are many kinds of answers filed in which such action of the court is entirely justifiable. For instance, Judge SWAN, in his work on Pleading and Precedents, says that "specific denials may frequently be designedly evasive or equivocal, so as to be literally and technically true, but really false. No fraud of this kind will be tolerated by the court. The denial must be, not to the *manner and form* of the allegations of the petition, but to the substance. The ingenuity of pleaders in the state of New York has been exercised to invent new forms of ambiguous and equivocal language, so as, in form, to deny what the defendant knows to {be fact. But the courts have not permitted these fraudulent evasions to frustrate the ends of justice." And he proceeds to give some illustrations of this kind of pleading, and, in animadversion of such conduct, says: "The court will, on motion, strike such pleadings from the files and put the defendant on terms if he asks to file a new answer."

In view of this statement of the law, we are of the opinion that the action of the court in striking the answers of the defendant in the first two cases from the files can be justified without our going so far as to hold that where an explicit denial of all the allegations of the petition is made in the answer of defendant, that the court can, on being satisfied on a preliminary hearing, that the allegations of the answer are untrue, properly order the petition to be stricken from the files.

We think these answers are equivocal and evasive. The first defense which may be claimed to be a general denial, is not such in reality. It does not deny each and every allegation of the petition. It simply denies the allegations thereof; but which or how many of them, is not shown. Secondly, it says that the plaintiff is not the owner of *any such note*. It does not aver that the plaintiff is not the owner of *this* note. Thirdly, it avers that any claim thereunder is barred by the statute of limitations of Missouri. There is no allegation, either in the petition or answer, that the note in question was executed in that state, or that it was to be for any cause governed by the limitation laws thereof, or that the cause of action accrued many years before the commencement of the action, and therefore, that the right to bring the action was barred by the laws of the state where the note was executed, setting up the provisions of the statute. Fourthly, it is averred "that no partnership indebtedness, or otherwise ever existed," which was no answer whatever, or a defense to the case made; and fifthly, it was alleged "that if there ever was any such obligation, it was Drennon's and not Werk's;" and this, like the other defenses attempted to be set up, was evasive and ambiguous, and made no defense to the petition. In view therefore, of the whole case, we do not feel inclined to hold that there was error prejudicial to the plaintiff in error in striking these answers from the files, and as he did not ask to file proper answers, but elected to stand on the case, as made in the rendition of the judgments against him. Such pleading should certainly be discouraged by the courts.

In the case of Dieringer, though the judgment was rendered against him as maker and Cox as indorser, the petition in error filed by the former was against Levy alone, Mr. Cox not having been named as a party, and he never was served with process or entered his appearance. We think that he was a necessary party to the proceeding brought to reverse the judgment. Of course he was interested in having the judgment rendered against the principal debtor stand, unless it was also reversed against him, which is not sought. And the petition in error should be stricken from the docket, as more than a year has elapsed since the rendition of the judgment complained of. See 13 O. S., 568; 14 O. S., 287 and 45 O. S., 444.

*Kramer & Kramer*, for John S. Bishop and W. H. Christie.

*Charles W. Baker*, for Emile Werk and C. Dieringer.

*Johnson & Levy*, for Lipman Levy.